# CITY OF CENTRALIA

## *v.*

# JOSEPH KROUSE.

1. MUNICIPAL CORPORATION—*negligence in not having repaired sidewalk.* Where a fire had destroyed eleven buildings in a city, and greatly damaged the sidewalk in front of the same, which was of plank, so that the same was almost impassable, and the plaintiff, who was far advanced in life, not more than ten days after the fire, in attempting to reach his premises, which had been burned, fell and sustained serious bodily injury, the officers of the city having erected a temporary fence to prevent persons from

falling into the excavations where the buildings formerly stood, and it not appearing that there was any suitable weather for repairing the walk before the accident: *Held*, under the circumstances, that the city was not guilty of negligence in not repairing the walk in so short a period of time.

2. SAME—*degree of care required, to avoid liability.* A municipal corporation is not liable for every accident that may occur within its limits. Its officers are not required or expected to do every possible thing that human energy or ingenuity can do to prevent the happening of accidents or injury to the citizen. When they have exercised a reasonable care in that regard, they have discharged their duty to the public.

3. SAME—*time to repair.* Where the sidewalk in a city is damaged by fire or other calamity, and rendered dangerous to pass over, and there is a good and safe walk on the other side of the street, there can be no just cause of complaint until a reasonable time shall elapse in which the city can make, or cause the property owners to make, the necessary repairs.

4. NEGLIGENCE—*contributory.* Where the sidewalk in a city was rendered almost impassable by fire, so that the danger of passing over was apparent to every one, and there was a safe walk on the other side of the street, and the plaintiff, being far advanced in years, attempted to pass over the damaged walk in daylight, knowing its condition, and that it was covered with sleet and ice, when he might easily have avoided it, and in so doing fell and was injured: *Held*, in a suit by him against the city, that the injury must be attributed to his own folly and culpable negligence.

5. SAME—*defect not discoverable.* This case is distinguishable from one where an injury is received from a defect in the sidewalk that could not readily be discovered, and where there is nothing that would put one on his guard.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This action was brought by appellee in the circuit court of Marion county. A change of venue was taken, and the cause sent to the circuit court of Clinton county, where the appellee recovered judgment against appellant for $300.

Mr. GEO. F. O'MELVENY and Mr. D. C. JONES, for the appellant.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action on the case brought to recover for personal injuries alleged to have been occasioned to the appellee by reason of a defective sidewalk in the city of Centralia.

The only error assigned that we deem material to be considered is the second in the series, viz: that the verdict is contrary to the law and the evidence.

There had been a disastrous fire in the city of Centralia on the 14th or 15th of December, 1870, which destroyed eleven buildings, one of which was owned by the appellee. The sidewalk that had previously been in front of the buildings consumed was made of plank, and was very much damaged and rendered almost impassable by the fire. It was only a few days after the fire, certainly not more than eight or ten days, and whilst the appellee was endeavoring to reach his own premises over the damaged walk, for the purpose of taking from thence some fuel, that he fell and sustained the injuries complained of.

The principal questions that arise in the case are whether the city was guilty of negligence in not repairing the walk in the brief period that intervened between the fire and the happening of the injury to appellee, and whether he was not himself guilty of that degree of contributory negligence that would bar a recovery.

After a most careful consideration of the evidence in the record, we are of opinion that there was no unreasonable delay on the part of the city in making repairs to the damaged walk. Indeed, the evidence shows that the city officers were solicitous in regard to the public safety, and had, before the injury to appellee, erected temporary guards. The law only requires that they should exercise, under all the circumstances, what would be deemed reasonable diligence. A municipal corporation is not liable for every accident that may occur within its limits. It would be a most ruinous

rule to adopt. Its officers are not required or expected to do every possible thing that human energy or ingenuity can do to prevent the happening of accidents or injury to the citizen. When they have exercised a reasonable care in that regard, they have discharged their duty to the public. The citizen himself must exercise due care and caution for his own safety, and if for the want of such a degree of care and caution he sustains an injury, he must bear the consequences, however grievous.

The evidence shows that within two or three days after the fire there was quite a fall of snow and sleet, and the weather suddenly became so very cold that it was difficult to procure persons to do work on the streets. It does not appear that there was any suitable weather in which the city authorities could have made the repairs to the walk. The officers, however, with commendable energy, did erect a temporary fence to prevent persons who might visit the ruins from falling into the excavation formerly occupied by the buildings.

The witnesses all say that, on account of the ice, it was dangerous everywhere in the city, either on the sidewalk or in the street, for persons passing on foot. The walk where the appellee was injured, although in a very dangerous condition, was rendered far more so by reason of the snow and ice upon it. It is more than probable that if there had been no ice on the walk, the injury would not have happened to him.

The dangerous condition of the walk could readily be discovered from either end, and it was the duty of the public to pass on the other side of the street, where there was a good and secure walk. So far as the public was concerned, there was no occasion for any one to pass over the damaged walk. There was a good sidewalk on the opposite side of the street, and it was the duty of all persons, for the time being, to use it, and there could be no just complaint until a reasonable time should have elapsed in which the city could make, or cause the property owners to make, the necessary repairs. In

the meantime, if parties would persist in passing over the walk, notwithstanding their knowledge of its dangerous condition, when it was entirely practicable to avoid it, and injury should result, it could only be attributed to their own folly, and the law would afford no redress.

At the time the appellee received the injuries for which he now seeks to recover damages of the city, he was passing over the burnt walk to reach his own premises. In view of the inclemency of the weather, no reasonable time had then elapsed in which the city could, by any ordinary diligence, have made the repairs. The appellee knew that the walk had not been repaired. Having undertaken to go where he knew it was positively dangerous, it must be held that he did so at his own peril. It was in daylight, and he could see that the walk was full of dangerous holes and was all covered with snow and ice, and it was culpable negligence in him to undertake to pass over it. It was probably dangerous for any one, and it was highly imprudent in one so far advanced in life to undertake to pass over the walk in its then condition, and covered as it was with snow and ice.

This is unlike an injury occasioned by a defect in the walks that could not be readily discovered, and where there is nothing that would put one on his guard. The appellee in this instance was fully advised of the dangers that he was about to encounter, and he deliberately assumed whatever of risk there was in the undertaking.

It is not denied but that he could have gone to the point where he desired to go, by a safer route, by going only a short distance farther. It was his plain duty to have taken the safer course. This he declined to do, but chose to go where he himself testifies that it was dangerous, and the injury that resulted must therefore be attributed to his own want of proper care and caution.

It is well settled that where an injury is occasioned by his own negligence or want of due care and caution, the party can not recover. *City of Aurora* v. *Pulfer*, 56 Ill. 270.

We are unable to perceive that the city officers had neglected any duty enjoined upon them by law. Under all the circumstances, we are of opinion that the city is not chargeable with negligence in not causing the walk to be repaired in the brief period that intervened between the fire and the happening of the injury to the appellee.

The injury sustained by the appellee was indeed a serious one, but we are unable to discover from the evidence wherein the city was at fault. It was far more the result of his own want of proper care than any neglect of duty on the part of the city officers.

The verdict was manifestly against the law and the evidence, and the judgment is reversed and the cause remanded.

*Judgment reversed.*