TUCKER v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1894.)

No. 50.

1. TRIAL—DIRECTING VERDICT—CONTRIBUTORY NEGLIGENCE.

A court may withdraw a case involving questions of negligence from the jury, and direct a verdict, when the evidence is undisputed, or is of such a conclusive character that the court would, in the exercise of a sound discretion, be compelled to set aside a verdict returned in opposition to it.

2. RAILROAD COMPANIES—NEGLIGENCE.

It is negligence which will justify the withdrawal of a case from the jury for a licensee to walk on or near a track in a railroad yard when, in the exercise of due care, it is admitted that he could have walked safely by the side of such track.

In Error to the Circuit Court of the United States for the District of West Virginia.

Action by Josephus Tucker against the Baltimore & Ohio Railroad Company for injuries sustained by plaintiff while walking in the yard of the defendant. The judge instructed the jury to find for defendant, and this ruling is now assigned as error.

V. B. Archer, for plaintiff in error.

John A. Hutchinson, for defendant in error.

Before GOFF, Circuit Judge, and SEYMOUR and SIMONTON, District Judges.

SIMONTON, District Judge. This case comes up by writ of error to the circuit court from West Virginia. The plaintiff in error, plaintiff below, brought his action in the state court against the Baltimore & Ohio Railroad Company for injuries incurred on one of its tracks in the railroad yard. The cause was removed into the circuit court of the United States, and was tried with a jury. At the close of the testimony for the plaintiff, the judge presiding withdrew the testimony from the jury, and instructed them to find for the defendant. Of the four assignments of error set out in the brief, but one was pressed at the hearing. The others were practically abandoned. The plaintiff in error insists that the court erred in directing the jury to find for the defendant.

The rule upon this question has been frequently stated and is well settled. "It is the settled law of this court," says the supreme court in Randall v. Railroad Co., 109 U. S. 482, 3 Sup. Ct. 322, "that when the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." The court

then quotes with approval the case of Railway Co. v. Jackson, 3 App. Cas. 193, deciding that it is for the judge to say whether any facts have been established by sufficient evidence from which negligence can be reasonably and legitimately inferred; and it is for the jury to say whether, from those facts, when submitted to them, negligence ought to be inferred. The rule is again stated in Railroad Co. v. Converse, 139 U. S. 473, 11 Sup. Ct. 569:

"It is contended that the court erred in not submitting to the jury the issue as to the defendant's negligence. Undoubtedly, questions of negligence in actions like the present one are ordinarily for the jury, under proper directions as to the principles of law by which they should be controlled; but it is well settled that the court may withdraw a case from the jury altogether, and direct a verdict for plaintiff or defendant, as the one or the other may be proper, when the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it."

In Kane v. Railway Co., 128 U. S. 94, 9 Sup. Ct. 16, this rule was held applicable to a case like the present one, in which the defendant introduced no evidence. In Mitchell v. Railroad Co., 146 U. S. 513, 13 Sup. Ct. 259, the court directed a verdict, on the ground that the evidence showed contributory negligence on part of plaintiff. The whole question is discussed in Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 40, 11 Sup. Ct. 478.

The exception in question is accompanied by all the testimony in the case. This testimony was produced on the part of the plaintiff. It was not contradicted or answered by any evidence on the part of the defendant. If there were any discrepancies in it, the plaintiff must accept the consequences. Such discrepancies do not present, technically, an issue of fact, as between plaintiff and defendant, which must be submitted to a jury. The motion that the court instruct the jury to find for the defendant is, in effect, a demurrer to the evidence. Was the course of the court below within the rule stated?

The plaintiff was occasionally employed by shippers to assist in caring for cattle transported on lines of the defendant. He was perfectly familiar with the yard of the defendant, with the tracks running through it, and knew that locomotives and trains constantly passed to and fro on the tracks. On the morning of the accident complained of, about 10 or 11 o'clock, having been instructed by one Tyson to take charge of some stock shipped by him, he went to a cattle train, made up of 12 cars with a caboose at the end and lying on track No. 4 in the yard of the defendant at Parkersburg, and not at a public crossing. Track No. 4 is a siding, coming out on a little curve with the main track, which is No. 3. The distance between these two tracks at that point was from 3 to 6 feet,—room enough, as plaintiff says in his testimony, for a man to walk while trains were passing, if he walked carefully. The plaintiff went in front of the train, which was heading east, and met the train dispatcher, who told him that the train was about to start, and that he had better get back to the caboose. He turned and spoke to a brakeman, who gave him the same information. Going towards the caboose, he met the conductor about the

middle of the train, who told him to get on the caboose at once, as he had orders to run right out. A brakeman showed him the caboose. In order to reach the caboose, he was not compelled to get on a track or to cross a track. He had only to walk alongside the train between the tracks 3 and 4, the space between them being sufficiently great to enable him to do so safely. When plaintiff was on his way to it, a locomotive came up behind him on the main track, struck him, knocked him down, and ran over his arm. The witnesses called by him vary in some particulars, but they all agree in saying that the locomotive came up with cylinder cocks open, steam escaping, and making a great noise. They differ as to the question whether a bell was ringing or not. It is agreed on all hands that, if plaintiff had been standing between the tracks, he could not have been hurt. Plaintiff does not know where he was standing. The clear inference is that he was either on the main track, or dangerously close to it, unnecessarily. Upon this review of the testimony, we concur with the court below. Apart from the fact that there is no evidence of contract relation between the plaintiff and the defendant, as passenger or otherwise, it is clear that the plaintiff, perfectly familiar with the locality, in a place of known danger, a railroad yard, in which locomotives were constantly passing, walked on or dangerously near to a track, the main track, where, by his own admission, a man could pass safely between the tracks if he walked carefully. His injuries were the result of his own act. Bancroft v. Railroad Co., 97 Mass. 278. He cannot hold the defendant responsible for them. See Railroad Co. v. Depew, 12 Am. & Eng. Ry. Cas. 66; Railroad Co. v. Houston, 95 U. S. 702; Railroad Co. v. Aspell, 23 Pa. St. 147. When it is shown that an injury would not have happened except for the culpable negligence of the party injured, there can be no recovery, even though there be concurring negligence on the other party. The track of a railroad over which frequent trains are passing is a place of danger. A person who goes upon it unnecessarily, or without valid cause, voluntarily incurs a risk for the consequences of which he cannot hold other persons responsible; certainly not without adequate proof that he took active measures of precaution to guard against accident. Bancroft v. Railroad Co., supra.

The judgment of the circuit court is affirmed, with costs.