## City of Mt. Sterling v. Nellie Crummy.

1. NEGLIGENCE—*Traveling Upon Defective Sidewalks—Ordinary Care.*—Traveling upon a sidewalk by one having knowledge of dangerous defects therein does not necessarily constitute negligence, nor does the mere fact that a party who sues for an injury might have taken a safer route, charge him with a want of ordinary care.

2. SIDEWALKS—*Evidence of Condition in the Vicinity of Accidents.*—In an action for personal injuries resulting from a defective sidewalk it is permissible to show the bad condition of the walk in the immediate vicinity of the accident, but not at a place remote from where the injury was received.

3. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question as to whether a party suing for a personal injury resulting from the negligence of the defendant has been himself guilty of contributory negligence, is one of fact for the determination of the jury.

4. PERSONAL INJURIES—*Care Required as to Medical Treatment.*—A person suffering from an injury occasioned by the negligence of another is required in the treatment of such injury to do only what common prudence dictates.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Brown County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

E. A. PERRY, attorney for appellant.

The degree of care which the law requires is ordinary care under all the circumstances of the case.  Knowledge of the condition of the walk is one of the circumstances to be considered in determining whether the plaintiff exercised ordinary care.   City of Bloomington v. Chamberlain, 104 Ill. 268.

One who knows that a condition exists can not rightfully act upon the assumption that it does not exist. A person has no right, as a matter of law, to presume a condition of things against his own knowledge of a different condition.   City of Galesburg v. Hall, 45 Ill. App. 293.

City of Mt. Sterling v. Crummy.

When traveler knows that the way is out of repair he is not justified in assuming that it is safe; he can then assume the way to be only what he knows it is—if unsafe, then unsafe.    Sumner v. Scaggs, 52 Ill. App. 551.

A person claiming damages for an injury caused by the negligence of another must, after the injury is received, act as a prudent man would under the circumstances, and use due diligence to know whether medical aid is required, and to have himself cured.    He has no right to act recklessly in this regard, and then charge the defendant for the effect of such conduct.    T. W. & W. R'y Co. v. Eddy, 72 Ill. 138.

W. L. & R. E. VANDEVENTER, attorneys for appellee.

It is proper for the plaintiff to show the condition of the walk at other points near by the place of the injury. City of Shelbyville v. Brant, 61 Ill. App. 154.

In Clayton v. Brooks, 31 Ill. App. 62, the Appellate Court say "it was not error to permit a full description of the walk."

It is not *per se* negligence to walk over a walk known to be out of repair.    Village of Clayton v. Brooks, 31 Ill. App. 65.

One may go upon a sidewalk known to be out of repair and dangerous, and yet if injured, may have a right of recovery if ordinary and reasonable care is used.    City of Joliet v. Maria Conway, 17 Ill. App. 577; Ellis v. City of Peru, 23 Ill. App. 35; Village of Coffeen v. Lang, 67 Ill. App. 359.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $500, recovered by appellee against appellant for damages

sustained by her in stepping into a hole in one of appellant's sidewalks.

The evidence shows that appellee, while passing along the east side of Coal street in Mt. Sterling, between seven and eight o'clock on the evening of twenty-eighth of July, 1896, stepped into a hole in the sidewalk where a board had been removed and thereby sustained a severe injury to her left ankle and foot. The sidewalk at and in the neighborhood of where she met her accident had for months been in a very bad state of repair and the city authorities had for some time been advised of its dangerous character. The evidence abundantly shows that the city was guilty of a high degree of negligence.

Upon the trial the court, over the objection of appellant, permitted appellee to show the bad condition of the sidewalk in the immediate vicinity of the accident —for about one hundred feet. This, it is urged, was error. We think not. While it would not be permissible to show its condition at a place remote from where the injury was received, for instance upon another block, if the bad condition continued from the point where appellee stepped into the hole, for one hundred feet or more in the block there would be no error in hearing proof of it.

It is contended that appellee was not in a position to recover because she knew of the bad condition of the walk where she was injured and could have avoided it by taking the other side of the street. In other words, that she was guilty of contributory negligence. Several cases are cited in support of the contention that where there are sidewalks on both sides of a street, one in bad repair and the other in good repair, it is the duty of a foot passenger to take the one in good repair, and that if he takes the other and is injured thereby he is guilty of such contributory negligence as will preclude a re-

covery.  We can see a propriety in applying the rule of contributory negligence in such a case where the dangerous condition of the walk is due to a sudden accident or calamity, like a fire or tornado, but can not see it in a case where the dangerous condition is due to age and decay of a walk which is in constant use.  In the strongest case cited by appellant, City of Centralia v. Krouse; 64 Ill. 19, it appears that the condition of the walk where Krouse received his injury was occasioned by a disastrous fire which had swept over Centralia but a few days before, and that the sidewalk at the place in question was covered with snow and ice and so full of dangerous holes and pitfalls as to make it extremely hazardous to attempt to travel it.  In this case the walk had become in bad repair from decay and failure of the city authorities to perform a duty which the law required of them.  It had been in that condition for more than a year and was in constant use. ˙ It was the most 'convenient and direct route from the house at which appellee was stopping to the business part of town.  But the question of contributory negligence was for the jury.  Traveling upon a sidewalk by one having knowledge of dangerous defects therein, does not necessarily constitute negligence.  Nor does the mere fact that a party who sues for an injury might have taken a safer route charge him with want of ordinary care.  Merrill on City Negligence, 139; Beach on Contributory Negligence, 39; City of Aurora v. Hillman, 90 Ill. 61; Village of Clayton v. Brooks, 150 Ill. 97.

It is claimed that appellee did not exercise proper care in her treatment of the injured limb. After receiving the injury she continued on her course with a companion to town.  Supposing that it was merely a sprain, she did nothing more than apply ordinary liniments about two weeks.  Finding no improvement, she

consulted a physician, under whose advice she went to Quincy, where she entered a hospital for treatment. We see nothing in her treatment of the injured limb different from what common prudence would dictate under like circumstances. And if she did not treat it prudently, that fact could operate against her only as affecting the matter of damages.

Were the damages excessive? If the injury is a permanent one, the damages are very small. Upon that point the medical experts who testified differ. We think the proof was sufficient to justify a conclusion that the injury is permanent.

There was no serious error committed by the court in passing upon instructions. Judgment affirmed.