## BOHL v. CITY OF DELL RAPIDS.

1. Where in an action for injuries, there is no conflict in the evidence, the question of negligence is for the court.

2. On a motion for a directed verdict at the close of plaintiff's evidence, such evidence will be taken as true, and be given the most favorable construction for plaintiff that it will bear.

3. Where at the junction of a street corner of a wide and a narrow sidewalk, elevated several feet, an open space was left within the angle, in the absence of charter or statutory requirements the city was under no obligation to maintain guard rails around such open space to prevent travelers from stepping off in making the turn.

4. In absence of charter or statutory requirements, a city is under no obligation to keep its streets lighted, though it has the appliances therefor.

5. Where one familiar with a dangerous place in a sidewalk at a street crossing, and with such defect in mind at the time, attempted, on a dark night, when the street lamps were not lighted, to go down such sidewalk instead of going down the middle of the street, as she might have done, she was guilty of such contributory negligence as would bar a recovery for injuries caused by a fall from the sidewalk.

(Opinion filed July 2, 1902.)

Appeal form circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Dorthea Bohl against the city of Dell Rapids. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

G. R. *Krause* and *Bailey & Voorhees*, for appellant.

A. B. *Kittredge, Ralph W. Hobart*, and *Robertson & Dougherty*, for respondents.

CORSON, J. This is an action for damages for injuries alleged to have been sustained by the plaintiff by reason of an alleged defect in the sidewalk in the defendant city. A verdict was directed by the court in favor of the defendant, and from the judgment entered upon this verdict the plaintiff appeals. A motion for the direction of the verdict was made on the following grounds: "First, the plaintiff has not produced any evidence of negligence as charged in the complaint, or otherwise; second, that it appears from the evidence of the plaintiff that she was guilty of negligence which contrubuted to the injury which she claims to have sustained; third, it appears from the evidence offered on the part of the plaintiff that there was another and safe way which the plaintiff might have taken on the night in question and escaped injury." Upon which ground the court granted the motion, does not affirmatively appear.

It is contended on the part of the appellant that the court committed error in granting the motion, for the reason that negligence on the part of the defendant, as well as contributory negligence on the part of the plaintiff, is a question of fact for the jury. It appears from the evidence that the injury to the plaintiff occurred near the junction of the sidewalk on Pearl street with that of State street. It further appears that the sidewalk on Pearl street was 8 feet wide, and extended across the street line of State street 10 or 12 feet, and

that the sidewalk on State street was about 3 feet in width, and was constructed from 8 to 10 feet east of the line of State street, leaving a space between the sidewalk and the street line of several feet in width, and from 17 to 20 inches deep.   Along the sidewalk between the line of State street and the sidewalk there was no railing or barrier to protect the open space thus made by the extension of the Pearl street sidewalk to the State street sidewalk.   The manner in which the accident occurred is thus stated by the plaintiff: "I am the plaintiff in this action.   Have lived in Dell Rapids four years this fall.   Pearl street is the principal street in that city.   On January 15, 1899, I attended the Scandinavian church, which is located on that street.   *  *  *   I live a block and a half southeast from the church, on the south side of the railroad track.   My husband went with me from church, and carried the baby.   We went east, and, when we got down to the corner where we turned to go south to our house, I turned a little too early, and stepped my right foot down in the hole in the ditch, and lit on my side.   *  *  *   There is a street lamp across the street from where I was hurt.   It was not lit that night. The night was dark.   *  *  *   Pearl street runs east and west, and State street runs north and south, past my house, where we lived since October, 1898.   I got hurt January 15, 1899.   *  *  *   When coming along from church to this corner   *  *  *   I stepped into this place between these two sidewalks.   I had seen that place before.   I think I went past there three or four times, and knew the hole was there.   I knew it was there that night I was coming home from church   *  *  *   I went from the house to the church that night on the walk, right past this hole, and from that point to the church.   I never walked up the street, instead of the sidewalk.   I always used to go on the sidewalk.   That walk does not go clear down to the railroad track.   At the end of it were boards.   We went on

those. I knew the step was there, and knew it led down to the street. It is a rough bad road. In coming back by this place my husband went four or five steps in front of me, and it was a very dark night, and he says, "Look out, mamma, you don't fall," and he had not spoken out before I was just falling. He said, "Look out, mamma," because there was a bad place. He told me to look out, and I was falling when he spoke. He had not done speaking to me before I fell. * * * Yes; I knew it was a bad place, and I knew I was right near it when my husband spoke to me, and I knew I had to look out for it, and I could not see the walk. I remembered all about this place as I went past there, and remembered that it was a bad place. I though that I had got past the bad place, and got down to the side walk leading south, and I hadn't got quite to the sidewalk. I was so near that my arm struck the walk when I fell. I hadn't quite got to the sidewalk leading down to the street when I thought I had, and stepped off between the walks into the space between the walks. It was right in the corner I went down. I walked down here (indicating on the sidewalk going east), and thought I had reached the sidewalk (indicating the narrow sidewalk leading south on exhibit C), and instead of that I stepped down into the place between the two walks, leading south. I knew that the step was there, and knew that it was there that night that I tried to go on this outside walk. The sidewalks themeselves were not broken. They were whole. No boards loose, and hadn't been." It further appears that the two sidewalks had been in the same condition they were in that night for more than two years prior thereto.

It appears from the evidence that the plaintiff resided only a short distance from the corner on State street, where the accident occurred, and that the sidewalk had been in the condition that it was on that evening for two years or more, and that she was perfectly

familiar with the manner in which the two sidewalks at that point were constructed. It is urged by the respondent in support of the ruling of the court that as there was no defect in the sidewalk itself, and the city was not required to construct a barrier or fence along the open area between the street line and the sidewalk, and was not by law required to light the streets, it was not, therefore, guilty of negligence, as the plaintiff, especially, as she was familiar with the manner in which the sidewalks were constructed, and with the open space left between the sidewalk on State street and the line of the same. It is also urged on the part of the respondent that the plaintiff was guilty of contributory negligence, as, being familiar with the open space between the street line and the sidewalk, she should have exercised due care, which she must have failed to do. It is further urged in support of the court's ruling that the plaintiff being familiar with the construction of the sidewalks, and that there might be some danger in passing that open space when that corner was not properly lighted, she should have passed from Pearl street into State street by means of the street, and not have attempted to pass along the sidewalk.

Ordinarily the question of whether or not the defendant is guilty of negligence and whether or not the plaintiff has been guilty of contributory negligence, are questions of fact to be submitted to the jury. In speaking upon this subject, Sherman & Redfield, in their work on the Law of Negligence, use the following language: "The question of negligence must be submitted to the jury as one of fact, not only where there is room for difference of opinion between reasonable men as to the existence of the facts from which it is proposed to infer negligence, but also where there is room for such a difference as to the inferences which might fairly be drawn from conceded facts. Where this is the case, the issue must go to the jury, no

matter what may be the opinion of the court as to the value of the evidence or the credibility of the witnesses. So, if the issue narrows itself to a distinction between what is reasonably safe and what is not so, the question is emphatically one for the jury. It is for the court to say whether there is any evidence in the case from which negligence might reasonably be inferred, and then it is for the jury to say whether, from the facts thus proved, negligence ought to be inferred." Shear & R. Neg. (5th Ed.) § 54. It will be observed that the rule as laid down in the section quoted is that it "is for the court to say whether there is evidence in the case from which negligence might reasonably be inferred." Where there is no conflict in the evidence, the question of whether or not the facts would warrant the jury in finding the defendant guilty of negligence is one for the court. Powers v. Railroad Co., (Sup) 14 N. Y. Supp. 408; Cope v. Hampton Co. (S. C.) 19 S. E. 1018; Railway Co. v. Murray, 53 Ohio St. 570, 42 N. E. 598, 30 L. R. A. 508; Elliott v. Railroad Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; Tucker v. Railroad Co., 8 C. C. A. 416, 59 Fed. 968; Railroad Ca. v. Leppard (Kan. App.) 47 Pac. 625; Johnson v. Railway Co., 19 Utah 77, 57 Pac. 17; City of Maysville v. Guilfoyle (Ky.) 62 S. W. 493. In the case at bar, as has been stated, a motion was made to direct a verdict at the close of plaintiff's evidence. In such a case the court below, as well as this court, will assume the evidence of the plaintiff to be undisputed, and give to it the most favorable construction for the plaintiff that it will properly bear, and give to the plaintiff the benefit of all reasonable inferences arising therefrom. Taking this view of the evidence, was the plaintiff entitled to recover upon the facts proven in the case? A municipal corporation is not liable for every accident that may occur within its limits. Its officers are not required to do every possible thing that human energy and ingenuity

can do to prevent the happenings of accidents or injuries to the citizens. The law does not require that the city shall do more than keep its streets and sidewalks in a reasonably safe condittion. The obstructions or defects in the sidewalks, to make the corporation liable, must be such as are in themselves so dangerous that a person exercising ordinary prudence could not avoid injury in passing them. City of Centralia v. Krouse, 64 Ill. 19; City of Quincy v. Barker, 81 Ill. 300, 25 Am. Rep. 278.

It is contended on the part of the appellant (1) that the defendant was negligent in not providing a railing along the Pearl street sidewalk between the State street line and the walk; (2) that it was negligent in not having the light at the corner of Pearl and State streets lighted, as it had appliances for such light. In Damon v. City of Boston, 149 Mass. 147, 21 N. E. 235, the supreme court of that state, in a similar case, held: "The danger which requires a railing must be of an unusual character, such as bridges, declivities, excavations, steep banks, or deep water. Spaces adjoining roads, streets, and sidewalks, and unsuitable for travel, are often left open in both country and city; and a town or city is not bound to fence against them, unless their condition is such as to expose travelers to unusual hazard." The same court, in Logan v. City of New Bedford, 157 Mass, 534, 32 N. E. 910, uses the following language: "Cities and towns are required to provide ways that are reasonably safe and convenient for travelers. They are not bound to fence them so as to prevent travelers from straying outside of them, and they are not obliged to mark their limits. * * * But the railing or barrier is not to be erected because a traveler may meet with an accident if there is none." The court in that case reversed the judgment in favor of the plaintiff; holding, as a matter of law, that no railing or barrier was required. The supreme court of Minnesota, in the

recent case of McHugh v. City of St. Paul, 67 Minn, 441, 70 N. W. 5, uses the following language: "This court has already held, in the case of Miller v. City of St. Paul, 38 Minn. 134, 36 N. W. 271, that a city is under no obligation to light its streets, and a mere neglect to do so is not a ground of liability, unless the charter expressly imposes the duty. This is the general rule, and, if there are exceptions, the facts herein do not bring the case within the exception. Nor are towns necessarily bound to fence or erect barriers to prevent travelers from getting outside of the road or way." Canavan v. Oil City, 183 Pa. 611, 38 Atl. 1096. The defendant, therefore, having omitted no duty imposed upon it by law, cannot be charged with negligence in failing to provide a guard rail, or to see that the street was lighted.

The respondent further contends that, if there was any doubt in regard to the first proposition, it is clear that the plaintiff was guilty of contributory negligence, and therefore could not recover in this action. As will have already been observed, the plaintiff was not only familiar with the conditions of the sidewalk at the point where the accident occurred, but she had the condition of the same in her mind at the time that the accident occurred. Being, therefore, familiar with the condition of the sidewalk, and having that condition in mind at the time of the accident, it was her duty to have used ordinary care in avoiding the injury. It was not a case of sudden danger, requiring the exercise of quick judgment, and it was not a case where the plaintiff was under the necessity of taking a dangerous course or going back. There was no element of danger hidden from her, and she had not forgotten the condition of the sidewalk, for she had in mind the exact danger confronting her. If, by reason of the darkness, the turning upon the State street sidewalk was rendered dangerous, she should have passed to the street, and not have attempted to make the turn at that point. If the plaintiff

knew that the sidewalk was dangerous, and that it was really doubtful whether she could travel upon it without accident, it was not consistent with ordinary care for her to attempt to pass over it, especially if she could take another safe and convenient way to her destination. And if she did so proceed, and injury resulted, she was guilty of contributory negligence, which bars her right of recovery. The plaintiff having preferred to take her chances with the known danger, and having met with the very accident that she had reason to and did expect, she cannot lawfully recover. City of Bloomington v. Rogers (Ind. Sup.) 36 N. E. 439; Hesser v. Grafton (W. Va.) 11 S. E. 211; City of Centralia v. Krouse, 64 Ill. 19; Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; City of Quincy v. Barker, 81 Ill. 300, 25 Am. Rep. 278; Wilson v. City of Charleston, 8 Allen, 137, 85 Am. Dec. 693; Corlett v. City of Leavenworth, 27 Kan. 673; Durkin v. City of Troy 61 Barb, 437; City of Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Murphy v. Borough of Girardville, 16 Pa. Co. Ct. R. 153; Schaefler v. City of Sandusky, 33 Ohio St. 246, 31 Am. Rep. 533; Burker v. Town of Covington, 69 Ind. 33, 35 Am. Rep. 202; Town of Boswell v. Wakley, 149 Ind. 64, 48 N. E. 637; Rogers v. City of Bloomington (Ind. App.) 52 N. E. 242; Kleng v. City of Buffalo, 156 N. Y. 700; 51 N. E. 1091; Rick v. City of Wilkesbarre, 9 Pa. Super, Ct. 399; District of Columbia v. Brewer, 7 App. D. C. 113; Pittman v. City of El Reno, 4 Okl. 638, 46 Pac. 495; Boyle v. Borough of Mahanoy City, 187 Pa. 1, 40 Atl. 1093; Village of Bond Hill v. Atkinson, 16 Ohio Cir. Ct. R. 470. When contributory negligence is established by the undisputed evidence, the plaintiff cannot recover. 7 Am. & Eng. Enc. Law (2d Ed.) 454.

The plaintiff seemed to have received a severe injury by the accident, but, under the evidence, the defendant cannot be held liable therefor. The judgment of the circuit court is affirmed.