HARRIS, Respondent, v. MIDWEST OIL COMPANY
OF SOUTH DAKOTA, Appellant

(292 N. W. 397.)

(File No. 8321.  Opinion filed June 5, 1940.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**Tom Kirby** and **John M. Burritt,** both of Sioux Falls, and **Clair Roddewig,** of Minneapolis, Minn., for Respondent.

WARREN, J.  Plaintiff seeks to· recover damages for injuries alleged to have been sustained by reason of an alleged defect in the camp grounds maintained by the defendant.  At about 8:30 in the evening of April 19, 1938, the plaintiff while attempting to walk to the outside toilet house, located approximately 125 feet south of her cabin, stumbled over a jagged tree stump on the grounds and was injured. She contends that the stump was so hidden that she could not see it in the dark and as a result thereof she fell and seriously injured herself and suffered a miscarriage.  The plaintiff's cause of action was predicated upon defendant's negligence in failing to keep the grounds of the tourist camp in a safe condition and that flood lights were not maintained on the grounds of said camp after dark.

The defendant contends that it was free from. negligence and that the plaintiff was a mere licensee at the time

of the purported accident and that on account of her own negligence, amounting to contributory negligence, she was not entitled to recover. The case was tried to a jury. The defendant moved for a directed verdict which was denied. The jury returned a verdict for the plaintiff. Thereafter the defendant made a motion for judgment notwithstanding the verdict. A motion for new trial was made and overruled. The appeal to this Court is from the judgment and· order denying a new trial.

The respondent, her family and relatives, arrived early in the morning of the 14th or 15th of April, 1938, at the Green Gables camp operated by the appellant. Two cottages were reserved and occupied until shortly after lunch when respondent's party proceeded to Huron, South Dakota. All but respondent's father returned to the same cabins the following morning. The respondent, a witness in her own behalf, gave a narrative as to her familiarity with the premises and her conduct and the cause of her injury which took place on the evening of the 19th of April, 1938, and which we will summarize and state as follows: Respondent and her family arrived at the Green Gables camp about 7 o'clock in the morning around the 14th or 15th of April, 1938. It had just become daylight. They stayed in the cabin camp and left right after lunch for Huron, South Dakota. Came back to the cabins at Sioux Falls between the hours of three and five-thirty the next morning and took over the same cabins that they had occupied the day before. There was no one up and about the cabin camp when they arrived. Respondent's mother and sister made the arrangements for hiring the cabins. The two cabins were located on the north side of the entrance. She observed the accommodations that were afforded by the camp including the toilet facilities. The toilet was located about 125 feet south from respondent's cabin.

"Q. Did you ever make any trips from the cabin to the toilet? A. Yes.

"Q. Did you ever make any trips in the day time? A. Yes.

"Q. And did you make trips at night? A. Yes.

"Q. Now as you made trips at night did you ever notice any light in front of the toilet? A. Yes, some nights there were lights.

"Q. What kind of a light was that? A. It was an electric light that he had burning. From our cabin you could see it and the reflection."

Respondent testified that her mother opened the door so she would have some light going to the toilet on the night of the 19th, when she stumbled over the tree stump. She stated that when she left the cabin to go to the toilet building that she had to go a little to the left and then south because there were some posts which fenced off the cabin grounds from the driveway, and that the stump was located just before or below a small rise of ground about 35 or 40 feet from the fence and about 75 feet from the toilet building.

"Q. Now then as you went from the cabin to the toilet just how did you walk? A. Well, I was very careful because it was dark and I took my time and all of a sudden I had fallen before I realized where I was.

"Q. Previous to this night had you seen those posts in front of the cabin? A. Yes.

"Q. By the roadway and previous to this night had you seen the stump? A. Yes.

"Q. And as you left the cabin that night to go to the toilet did you have those posts in mind? A. Yes.

"Q. Now then as you left the cabin that night did you have the stump in mind? A. Yes."

Some more light upon the surroundings is gleaned from respondent's testimony under cross examination in which she described the grounds quite minutely, even to describing the slope of the little embankment and placing the tree stump right at the foot of the embankment.

"Q. And you had seen the stump, of course, before you ever had your accident? A. Yes.

"Q. You knew it was there? A. I seen it.

"Q. And you say you were there in the cabin the second time about four or five days before you fell over this stump? A. I just don't know how long it was.

"Q. Anyway you had been there several days the second time when you fell over this stump? A. I had been there a few days.

"Q. And you knew the stump was there, didn't you? A. Yes.

"Q. And you had gone to the toilet in the night before? A. Yes.

"Q. Several times during the night? A. Not during the night. I did go before I would go to bed.

"Q. Didn't you testify on direct examination some nights you went several times to the toilet? A. Yes, in the evening before I would go to bed, Mr. Johnson.

"Q. You would go several times in the evening? A. Yes.

"Q. So you went over to the toilet several times when it was dark? A. Yes.

"Q. You were never told that the light would be on in the camp at night when you came out there were you? A. No.

"Q. Well you just said you went two or three times in the evening and you were there several evenings before. You probably went 10 times to that toilet at night A. I wouldn't say.

"Q. So really you were going out of the path when you fell over this stump, isn't that right? A. Well I must have been when I hit the stump.

"Q. So you were off of the regular path? A. I must have been.

"Q. And of course you knew where the stump was before this time? A. I knew it was around there some place."

With reference to an allegation in the complaint that the defendant represented and agreed that flood lights would be maintained on the grounds the respondent testified that the cabins were advertised as strictly modern and that she expected it to be lit.

"Q. But no one represented and agreed? A. I said no one agreed to it."

She testified that she knew the condition of the cabins after she got there and that she never asked for any changes to be made and that on previous nights she had avoided the

stump and did not fall over it at any of the other times that she passed from her cabin to the toilet building.

This testimony which we have briefly extracted from the respondent's testimony seems to be on all fours with the facts in Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315, 318. In that case the plaintiff knew of the depression or hole in the ditch when she turned the corner at the intersection of the walks. She testified that she had seen the place before and that she had passed there some three or four times and knew the hole was there. She said that she knew it was a bad place and knew that she had to look out for it. That it was dark and that she could not see the walk. She remembered that it was a bad place. This case reviews and discusses many of the elements presented in the instant case. The reading of which will disclose that the principles therein enumerated must necessarily solve the question of contributory negligence in the instant case and we quote the portion covering contributory negligence which must control our decision in the instant case.

"The respondent further contends that, if there was any doubt in regard to the first proposition, it is clear that the plaintiff was guilty of contributory negligence, and therefore could not recover in this action. As will have already been observed, the plaintiff was not only familiar with the conditions of the sidewalk at the point where the accident occurred, but she had the condition of the same in her mind at the time that the accident occurred. Being, therefore, familiar with the condition of the sidewalk, and having that condition in mind at the time of the accident, it was her duty to have used ordinary care in avoiding the injury. It was not a case of sudden danger, requiring the exercise of quick judgment, and it was not a case where the plaintiff was under the necessity of taking a dangerous course or going back. There was no element of danger hidden from her, and she had not forgotten the condition of the sidewalk, for she had in mind the exact danger confronting her. If, by reason of the darkness, the turning upon the State street sidewalk was rendered dangerous, she should have passed to the street, and not have attempted to make the turn at

that point. If the plaintiff knew that the sidewalk was dangerous, and that it was really doubtful whether she could travel upon it without accident, it was not consistent with ordinary care for her to attempt to pass over it, especially if she could take another safe and convenient way to her destination. And if she did so proceed, and injury resulted, she was guilty of contributory negligence, which bars her right of recovery. The plaintiff having preferred to take her chances with the known danger, and having met with the very accident that she had reason to and did expect, she cannot lawfully recover. [Citation of authority at this point in the opinion has been eliminated for the sake of brevity.] When contributory negligence is established by the undisputed evidence, the plaintiff cannot recover. 7 Am. & Eng. Enc. Law, 2d Ed., 454."

Respondent maintains that Bohl v. City of Dell Rapids, supra, is distinguishable from the instant case and states that appellant's brief contains a number of cases that deal with a situation where a customer was injured upon a storekeeper's premises and cites Burnison v. Souders, 225 Mo. App. 1159, 35 S. W.2d 619. We do not share respondent's view that the Bohl case is distinguishable from the instant case. To us it seems dominant. It will be observed from a reading of that case that it is an innkeeper case and that the court recognizes the principle that if the defect is known or is obvious then it is a question of contributory negligence on the part of the guest. That is a point made in the Bohl v. City of Dell Rapids, supra, with reference to the plaintiff knowing the defect in the sidewalk or in other words that she was familiar with the condition of the sidewalk and had the condition of the sidewalk in mind at the time of the accident. In that case as well as in the instant case it was not a case of sudden danger requiring the exercise of quick judgment and it was not a case of where the plaintiff was under the necessity of taking a dangerous course or going back. No danger was hidden from her and she had not forgotten the condition of the sidewalk. Neither had the respondent in this case forgotten the condition of the premises nor the existence of the stump. The respondent had

in mind the condition of the grounds and the location of the stump and the exact danger confronting her and as was said in the Bohl v. City of Dell Rapids, supra: "If, by reason of the darkness, the turning upon the State street sidewalk was rendered dangerous, she should have passed to the street, and not have attempted to make the turn at that point." We say that that statement is applicable to the respondent in this case. If it was dark as she claimed it was it was her duty to use extra precaution for she knew and realized, as her testimony discloses, that the stump was there for she had seen it a number of times and said she had it in mind, therefore, it required extra precaution on her part. Respondent is bound by her own testimony. Miller v. Stevens et al., 63 S. D. 10, 256 N. W. 152. Her testimony falls far short of showing herself free from fault or contributory negligence.

This Court in Hendrickson v. Swenson, 28 S. D. 323, 133 N. W. 250, 251, states the rule for the direction of a verdict by the Court in cases of contributory negligence and the duty of the person seeking to recover quite aptly and a rule this Court has chosen to follow: "But, notwithstanding the negligence of the defendant, if the plaintiff was guilty of contributory negligence which contributed to his injury, he would not be entitled to recover. 'Reason and justice demand that two conditions should exist, namely, fault on the part of the party charged with causing the injury, and freedom from contributory fault on the part of the injured.' McKeever v. Homestake Mining Co., 10 S. D. 599, 74 N. W. 1053. And: 'Where the evidence is such that different minds may reasonably draw different conclusions as to contributory negligence, the question is for the jury. But, where the court can say from the evidence that ordinarily intelligent, reasonable, and fair-minded men would not and ought not to believe that the plaintiff was acting as an ordinarily prudent person would have acted under the circumstances, the question of plaintiff's contributory negligence is for the court.' 29 Cyc. 631."

There can be no liability for an injury from a danger that is as obvious and is as well known to the person in-

jured as to the owner. The testimony of the respondent in this case conclusively shows that she had full knowledge of the condition of the grounds. She knew the precise location of the stump. She voluntarily attempted to travel toward and over it when she could have avoided it by going around or taking a safer way. She was, therefore, not in the exercise of reasonable care but assumed the risk and cannot recover damages as she was contributorily negligent as a matter of law and the proximate cause of her fall and injury must have been her inattention. Wilkinson v. Webb-Carter Shoe Co. et al., 57 S. D. 458, 233 N. W. 291; Watkins v. Piggly Wiggly Bird Co., 8 Cir., 31 F.2d 889.

The evidence and the entire record clearly indicates to us that the motion for a directed verdict should have prevailed upon the authority of Torbet v. F. W. Woolworth Co., 59 S. D. 47, 238 N. W. 140, and authorities therein cited. Taecker v. Pickus, 58 S. D. 177, 235 N. W. 504; Fulker v. Pickus, 59 S. D. 507, 241 N. W. 321; City of Brunswick v. Glogauer, 158 Ga. 792, 124 S. E. 787; Cornwell v. S. S. Kresge Co., 112 W. Va. 237, 164 S. E. 156.

To us it seems that under respondent's own testimony under the circumstances as she has related as shown by the record and under which she is bound that there can be no jury question in this case and that appellant's motion for a directed verdict should have been granted.

Having arrived at the above conclusions renders it unnecessary to pass upon any of the other errors assigned. The judgment and order appealed from are reversed and the cause remanded with directions to enter judgment in favor of the appellant pursuant to its respective motions for directed verdict and for judgment n. o. v.

POLLEY, J., concurs.

SMITH, P.J., and ROBERTS and RUDOLPH, JJ., concur in result.