CATHERINE DIEBOLD, ADMINISTRATRIX, v. THE PENN-SYLVANIA RAILROAD COMPANY.

1. Where a railroad company provides offices for the transaction of its business, accessible from the public streets, the presence in the freight-yard of the company of a person having business with such offices is not a necessary incident of his business with the company.   He is at best a licensee, towards whom the company owes no special duty.

2. D., who had business with the freight department of the Pennsylvania R. R. Co., whose freight-offices are on Market and Alling streets, is struck by a car while he is standing on a track in the drilling-yard of the company, with his back towards the only direction of danger. *Held*, that he was guilty of contributory negligence.

3. "An act to prevent accidents on railroads" (*Pamph. L.* 1869, *p.* 806 ; *Rev., p.* 920, § 67), is not limited in its application to the main tracks of railroads.

On rule to show cause, certified from the Essex Circuit.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the rule, *J. B. Vredenburgh.*

*Contra, Cortlandt Parker.*

The opinion of the court was delivered by

GARRISON, J.    This is an action by an administratrix for the death of her decedent.

At the trial of the cause a motion for a nonsuit, made at the close of plaintiff's case, was refused.    After verdict, a rule to show cause why a new trial should not be granted was allowed by the Circuit judge.    This rule to show cause has been certified to this court for its advisory opinion.

From the evidence adduced at the trial, on behalf of the plaintiff, the following facts appear:

Diebold, the decedent, and one Mundy, a fellow-truckman, were engaged in hauling heavy freight to the Market street freight-depot of the Pennnsylvania R. R. Co., at Newark. The accident by which Diebold lost his life occurred on the afternoon of May 17th, 1886.    Earlier on the same day Diebold and Mundy had delivered one load at the depot, and had left orders that the car be placed in position under a derrick to receive their second load.    Upon returning with this load, Mundy attended to looking up the car, and Diebold jumped off the wagon and went into the freight-station to transact the necessary business at the office of the shipping-clerk.    The offices of both the shipping-clerk and of Woodruff, the station-master, were on the street; not within the yard.    When Diebold was next seen he was walking in the freight-yard in company with Quinn, an employee of the defendant, and a moment later, while standing on or near the track of the railroad within the yard, he was struck by a freight-car that was being "shunted" into the freight-house, and killed.

We are of opinion that upon this state of facts plaintiff cannot recover for the death of her decedent.

The presence of Diebold in the yard where he was killed was not essential to the transaction of his business with the company.    The only business he and Mundy had with the company there was to get their freight loaded on a car from their wagon in the street, and to have their bill of lading signed.    The evidence shows that for both of these purposes

the company had provided offices accessible from the public highway. Nothing in the case shows that Diebold's presence in the drilling-yard was in any sense upon the invitation of the defendant. He was at most a licensee, towards whom the company owed no special duty.

Diebold, moreover, was guilty of contributory negligence in standing in the yard, amid the drilling trains, on a track, facing the freight-house, and with his back toward the gate, the only possible direction of danger. He was accustomed to hauling to that station, and must have known that it was a place where detached cars, without whistle or bell, were constantly sent flying along the tracks in all directions, consequently, a place of extraordinary danger. In view of this knowledge, his conduct did not show a degree of care at all comportant to the danger of his situation.

"An act to prevent accidents on railroads" (*Rev.*, p. 920, § 67), provides that if any person be injured by any engine or car or cars, while standing on any railroad in this state, such person shall be deemed to have contributed to the injury sustained. It is quite evident that Diebold's death was occasioned solely by his standing on defendant's railroad, in contravention to the plain provisions of this statute. Whether he was standing between the rails or beside them is immaterial. The language of the Circuit judge, in refusing the nonsuit, gives to this act its proper construction. "I think," he said, "that the rule, with regard to standing on a track, applies also to a man standing so near a track as to be struck by a car."

The contention that this act applies only to the main tracks of railroads is not tenable. The express object of the statute is to declare certain actions as contributory negligence, *per se*, because of their obvious foolhardiness. It is evident that such conduct may take place at any point on a railroad and be more or less foolhardy. The act contemplates injuries not by locomotive engines alone, but by " cars " or " a car." The act, in effect, declares that a railroad track is so dangerous a place for walking, standing or playing, that the bare fact of its

selection for these purposes shall bar recovery for injuries thereby sustained. Now, if the main track of a railroad, where all the proper appliances are provided, such as gates, flagmen and signals, where trains proclaim their approach by the ringing of bells and the blowing of whistles—if this be a place of admitted danger, how much more so is the privacy of a drilling-yard, where employées, alive to the dangers of their calling, are alone admitted, and where no system of precautionary signals is enforced or required. The greater the imprudence, the more aptly does the statute apply. Nor do I. find in the case under consideration any circumstances which in law imposed on the defendant the duty of observing extra caution in the conduct of their business during Diebold's sojourn in their yard. This being so, there is nothing in the case to relieve plaintiff from the operation of the rule of law which bars recovery where contributory negligence is clearly shown.

The rule to show cause should be made absolute.