# THE SYLVIA HANDY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF ALASKA.

No. 58.   Argued November 11, 1891. — Decided February 29, 1892.

As the bill of exceptions does not purport to contain all the evidence, and as no request was made for a finding of fact as to the actual fact of the killing of the seals and the seizure of the vessel, the rulings in *Ex parte Cooper, ante,* 472, are decisive of this case, and it is followed.

THE court stated the case as follows:

This was a libel filed in the District Court of the United States in and for the District of Alaska, September 15, 1887,

alleging the seizure by the commander of the revenue-cutter Bear, duly thereto authorized, of the schooner Sylvia Handy of San Francisco, her tackle, etc., on September 2, 1887, "within the limits of Alaska Territory, and in the waters thereof, and within the civil and judicial district of Alaska, to wit, within the waters of that portion of Behring Sea belonging to the United States and said district, on waters' navigable from the sea by vessels of ten or more tons' burden," as forfeited to the United States for the killing of fur seal "within the limits of Alaska Territory and in the said waters thereof in violation of section 1956 of the Revised Statutes of the United States."

Monition was duly issued and returned, and the owners intervened and made claim to the schooner, her tackle, etc., September 19, 1887, and on the same day filed a general demurrer, which was overruled, and then an answer traversing the averments of the libel in general terms.

The right to publication and posting of notice of the libel and seizure of the property proceeded against was waived, as also the time of hearing. The cause having been heard, the following findings and conclusions of law were made and filed September 22, 1887 :

"This cause having been tried and submitted, the court, from the evidence, finds the following facts and conclusions of law :

"1st. That on the 2d day of September, 1887, and theretofore, the master and crew of the defendant's vessel were engaged in killing and did kill fur seals in that portion of Behring Sea ceded by Russia to the United States by the treaty of March, 1867, and within the waters of Alaska, in violation of section 1956 of the Revised Statutes of the United States, and that the promiscuous shooting of fur-bearing animals in the waters adjacent to the islands of St. Paul and St. George, and in that portion of Behring Sea east of the 193d degree of west longitude, has a tendency to frighten and prevent said animals from going upon those islands, as they have been accustomed to do in the past.

"2d. That on the said 2d day of September, 1887, said

vessel, her furniture, apparel, tackle, cargo and 1679 fur-seal skins were seized in said waters by the commanding officer of the United States revenue-cutter Bear, then and there engaged in the revenue marine service of the United States.

" 3d. That said commanding officer was duly commissioned by the President of the United States, and made such seizure under the direction and by the authority of the Treasury Department of the United States.

" 4th. That said property so seized was delivered by said commanding officer of said cutter to the United States marshal of the district of Alaska, and is now within the jurisdiction of this court.

" As conclusions of law the court finds that the plaintiff is entitled to a decree of forfeiture against said vessel, her tackle, apparel, furniture, cargo, and the said 1679 fur-seal skins."

A motion in arrest was filed October 3, 1887, and a motion for new trial and stay of proceedings, February 14, 1888, which was overruled by the court, February 21. An appeal to this court was allowed and perfected March 23, 1888.

*Mr. Calderon Carlisle* for appellant. *Mr. William G. Johnson* and *Mr. Howell A. Powell* filed briefs for same.

*Mr. Attorney General* and *Mr. Solicitor General* for the United States.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

We have already held in *Ex parte Cooper, ante,* 472, that the act of February 16, 1875, (c. 77, sec. 1, 18 Stat. 315,) applies to appeals taken from decrees of the District Court of the United States for the District of Alaska sitting in admiralty, and we are therefore limited upon this appeal to a determination of the questions of law arising upon the record, and to such rulings of the court, excepted to at the time, as may be presented by a bill of exceptions prepared as in actions at law. The libel and findings in this case, as in that, are sufficient to sustain the jurisdiction.

The certificate of the clerk is to the effect "that the foregoing copies of pleadings, papers and journal entries in the cause of *The United States* v. *The Schooner Sylvia Handy and L. N. Handy & Co.* have been by me compared with the originals thereof as the same appear on file and of record in this court, and that the same are full and true transcripts of said original pleadings, papers and journal entries now in my custody and control." No mention is made in this certificate of a bill of exceptions, but we find in the record a paper so styled filed March 23, 1888, and presumably signed on that day. Two terms of the District Court of Alaska are provided for in each year, one beginning on the first Monday of May and the other on the first Monday of November. (23 Stat. 24, c. 53, sec. 3.) The trial of this cause took place on the 22d of September, 1887, and the decree was entered on that day, and there is nothing in the record showing the authority of the court to allow a bill of exceptions at the succeeding term. Looking into the bill, however, the only exception that we find there taken, is thus stated : "The defendants there and then excepted to the ruling of the court and the law as declared by the court, viz. :" and then follow the findings of fact and conclusions of law made and filed by the court.

The bill of exceptions does not purport to contain all the evidence, and no request was made for a finding of fact as to the actual locality of the killing and the seizure in question.

Under these circumstances, the rulings in *Ex parte Cooper* are decisive of this case, and the decree will therefore be

*Affirmed.*

MR. JUSTICE FIELD dissented.