[No. 1283, July 26, 1910.]

## JOHN W. PRICE, Appellant, v. THE PECOS VALLEY & NORTHEASTERN RAILWAY COMPANY, Appellees.

### SYLLABUS (BY THE COURT.)

1. The implied invitation to any one having business with a railroad company to go upon the premises where it transacts such business with the public, does not extend to portions of the premises which are obviously not adapted to, or used, or necessary for the transaction of the business for which such person is on the premises; and if he goes to such places he puts himself outside of the protection of his invitation and the railroad is not responsible for injuries he may receive unless it inflicts them purposely or wantonly.

2. On the evidence in the case, the negligence of the appellant contributed to the injury he received, and in the absence of evidence of any more than ordinary negligence on the part of the appellee, from which the appellant would not have suffered if he had exercised ordinary care, he is precluded from the recovery of damages against the appellee.

Appeal from the District Court for Eddy County before W. H. POPE, Associate Justice. Affirmed.

BUJAC & BRICE and JOHN W. ARMSTRONG for Appellant.

If upon any construction which the jury was authorized to put upon, or any inference they could draw from, the evidence, a verdict for the appellant could have been justified, the court below erred in directing a verdict for the appellee. Sioux City, etc., Ry. Co. v. Stout, 17 Wal-

lace 657; Grand Trunk Ry. Co. of Canada v. Ives, 144 U. S. 408; Railroad Co. v. Pollard, 22 Wall. 341; Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. Rep. 569; Thompson v. Railway Co., 57 Mich. 300, 23 N. W. Rep. 820; Railway Co. v. Miller, 25 Mich. 274; Railway Co. v. Van Steinburg, 17 Mich. 99, 122; Gaynor v. Old Colony & Newport Ry., 100 Mass. 208, 212; Marietta, etc., Railroad Co. v. Picksley, 24 Ohio St. 654; Railroad Co. v. Olger, 35 Pac. 60; Robinson v. Cone, 22 Vt. 213; Jamison v. Railroad Co., 55 Cal. 593; Redf. R. R., 5th ed., sec. 133, par. 2; 16 Amer. & Eng. Enc. Law, tit. 'Negligence,' 402, and authorities cited in note 2.

If the appellant went upon appellee's premises by invitation, whether express or implied, he was not a bare licensee. Bennett v. Ry. Co., 102 U. S. 577.

Railway companies are bound to keep in safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort, and all portions of their station-grounds reasonably near to the platforms, where passengers, or those who have purchased tickets with a view to take passage on their cars, would naturally or ordinarily be likely to go. 1 Thompson on Negligence, secs. 993, 1002, 1003.

Actionable negligence is the failure to exercise such due care and diligence as a reasonably prudent person would ordinarily exercise under the circumstances. 1 Thompson on Negligence, secs. 215, 23, 24; Union P. R. Co. v. McDonald, 152 U. S. 262, 33 Cyc. 808; 2 Thompson on Negligence, sec. 1594; Willis v. Ry. Co., 38 So. 892, 115 La. 53; Haney v. Pittsburg, C., C., C. & St. L. Ry. Co., 18 S. E. 750.

By proximate cause is meant the efficient cause. 1 Thompson on Negligence, secs. 44, 49, 59.

Appellant's negligence to bar a recovery must have been the proximate cause of the injury. 1 Thompson on Negligence, secs. 57-58, 169, 216; Poling v. Ry. Co., 18 S. E. 782; Washington & R. G. Co. et al. v. Tobriner, 147 U. S. 83.

Even though the appellant was guilty of the want of ordinary care in taking the position he did on appellee's

platform which contributed to his injury, yet this will not prevent him from recovering damages from the appellee if the appellee might nevertheless have avoided the injury by the exercise of ordinary care on its part. Bias v. Ry. Co., S. E. 243; Inland, etc., Co. v. Tolson, 139 U. S. 551; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408; Baker v. Ry. Co., 24 S. E. 415; Bogan v. Ry. Co., 39 S. E. 808; Body v. Ry. Co., 39 S. E. 715; 1 Thompson on Negligence, sec. 232.

The degree of negligence was a matter to be determined by the jury. Wabash Ry. Co. v. Brown, 152 Ill. 484, 39 N. E. 273; Evansville & C. R. Co. v. Wolf, 59 Ind. 89; Johnson v. Castleman, 32 Ky., 2 Dana 377; Needham v. Ry. Co., 85 Ky. 423, 3 S. W. 797; Louisville & N. R. Co. v. Mitchell, 87 Ky. 347, 8 S. W. 706.

Defendant company was guilty of gross negligence. Inland, etc., Co. v. Tolson, 139 U. S. 551; Sioux City & P. R. Co. v. Stout, 17 Wallace 567; Union P. R. v. McDonald, 152 U. S. 262; Toledo, etc., Ry. v. Maine, 67 Ill. 298; Savannah, etc., Ry. Co. v. Slater, 17 S. E. 350; Kansas P. R. Co. v. Ward, 4 Colo: 30; Summers v. Ry. Co., 44 Am. Rep. 419; Chicago & A. R. Co. v. O'Neil, 50 N. E. 216; Sullivan v. Ry. Co., 4 Am. St. Rep. 239; Breen v. Ry., 16 N. E. 60; M. K. & T. Ry. Co. v. Scarborough, 68 S. W. 196; 1 Thompson on Negligence, secs. 232, 238, 239, 1327, 354; Houston & T. C. R. Co. v. Gee, 66 S. W. 78; Chesapeake & O. Ry. Co. v. Davis, 58 S. W. 698; C. L. 1897, sec. 3217; Hanlon v. Missouri Pac. Ry. Co., 16 S. W. 235; Spencer v. Milwaukee, etc., Ry. Co., 84 Am. Dec. 758; Murray v. McShane, 36 Am. Rep. 367; Bodie v. Charleston, etc., Ry. Co., 39 S. E., S. Ca. 715; 7 Enc. Law, 2· ed., pp. 383-385; Virginia M. Ry. Co. v. White's Adm'r., 5 S. E. 573; Garner et al, v. Trumbull, 94 Fed. 321; Bennett v. Railroad Company, 102 U. S. 577; Baker v. Wilmington & W. R. Co., 24 S. s. 415; Carriso v. West Va. Cent. & P. Ry. Co., 14 S. E. 13; Baltimore & O. R. Co. v. Anderson, 85 Fed. 413; Seigel v. Eisen, 41 Cal. 109; Hanlon v. Ry. Co., 104 Mo. 381; Judson v. Powder Co., 107 Cal. 549, 48 A. S. R. 146; Southern Ry. Co. v. Fisk, 159 Fed. 373; Chi-

cago, etc., Ry. Co. v. Hanber, 162 Fed. 668; Tutt v. Railway Co., 104 Fed. 741; Cahill v. Ry. Co., 74 Fed. 285; Garner, et al. v. Trumbull, 94 Fed. 321; Anderson v. Hopkins, et al. 91 Fed. 77; Baltimore, etc., Ry. Co. v. Anderson, 85 Fed. 413; Connell v. Railway Co., 91 Fed. 466; Louisville, etc., Ry. Co. v. Morlay, 86 Fed. 240; Craft v. Railway Company, 69 Fed. 124.

HENRY L. WALDO of Counsel, R. E. TWITCHELL and W. C. REID for Appellee.

Appellant was a trespasser or bare licensee. Oatts v. Cincinnati, etc., R. Co., Ky., 22 S. W. Rep. 330; Gulf, Colorado & Santa Fe Ry. v. Bolton, Indian Territory, 6 American Negligence Reports 493; Diebold v. Pa. Ry. Co., N. J., 14 Atl. Rep. 576; 29 Cyc. 452.

A railway company owes no duty to one upon its tracks, yards or grounds without invitation to be at said places, by doing or refraining from acts which will facilitate the trespass or render it safe. 1 Thompson on Negligence, secs. 945, 1705, 1723; Cleveland, etc., R. Co. v. Tartt, 64 Fed. 823, 12 C. C. A. 618; Candelaria v. A. T. & S. F. Co., 6 N. M. 266, 27 Pac. Rep. 497; Toomey v. Southern Pacific R. R. Co., Cal., 10 L. R. A. 139; Railway Company v Bennet, 69 Fed. 525.

When the undisputed evidence is so conclusive that the court will be compelled to set aside a verdict drawn in opposition to it, the court may withdraw the case from the consideration of the jury and direct a verdict. Railway Co. v. Houston, 95 U. S. 697; Schofield v. Chicago M. & S. P. Railroad Co., 114 U. S. 615; Del. Lackawana, etc., Railroad Co. v. Converse, 139 U. S. 469; Aerkfetz v. Humphreys, 145 U. S. 418, 150 U. S. 246; Randle vs. Railroad Co., 109 U. S. 482; Kane v. Railway Company, 128 U. S. 94; Tucker v. Baltimore and O. R. Co., 59 Fed. 968; Candelaria v. A. T. & S. F. Ry. Co., 6 N. M. 266; Heisch v. Bell, 11 N. M. 523.

Plaintiff was guilty of contributory negligence. 1 Thompson on Negligence, secs. 1606, 1638, Railway Co. v. Houston, 95 U. S. 697; 29 Cyc. 507; Pa. Ry. Co. v.

Bell, 122 Pa. St. 58; Mathews v. The Pa. Ry. Co., 148 Pa. St. 491; Jones v. Grand Trunk R. R., 16 Ontario App. 37, 39 A. & E. R. R. cases 487.

Where it is shown that the injured person's negligence was the proximate cause of his injury, it is proper for the court to direct a verdict. Mitchell v. R. R. Co., 146 U. S. 513; Tucker v. Baltimore & Ohio Ry. Co., 59 Fed. 968; Bancroft v. R. R., 97 Mass. 278; Railroad Co. v. Houston, 95 U. S. 702; Kane v. North Central Ry. Co., 128 U. S. 94; Randall v. Baltimore & Ohio R. R., 109 U. S. 478; Goodlet v. Louisville & Nat. R. R., 122 U. S. 391; District of Columbia v. Moulton, 21 U. S. Supreme Court Reporter 840; Lane v. Lewiston, 91 Me. 292, 39 Atl. 999; Dyerson v. Union Pac. R. R. Co., Kan., 87 Pac. 680, 7 L. R. A., N. S.; Dunworth v. Grand Trunk West. Ry. Co., 62 C. C. A. 227, 127 Fed. 309; Chicago & N. W. Ry. Co. v. Andrews, 64 C. C. A. 408, 130 Fed. 74; Northern Pacific Ry. Co. v. Jones, 75 C. C. A. 210, 144 Fed. 52.

## STATEMENT OF THE CASE.

The defendant company, here the appellee, was operating a railroad in this Territory at the time of the injury complained of in this cause and at the station at Hagerman on said road. The plaintiff, here the appellant, called to make inquiry for cars for the shipment of horses. He was told by the station agent that no cars such as he required were there, but that in a few minutes they would know whether there were such cars on the local freight train, which was about coming in. The station at Hagerman was used for freight and passenger business, and was a wooden building, having a platform about four feet above the ground extending completely around it. There was at the southeast corner of the platform a flight of steps leading south from it to the ground, and from the top of the steps there was a railing near the edge of the east side of the platform running north about eleven feet, and north of the point where the railing ended the platform was used for the purpose of unloading freight from the cars which were run close to it on the tracks, and there a railing would have been an obstruction to the work of unloading the cars

upon the platform. It did not appear that there was any barrier to separate the portion of the platform used for passengers from the part used for unloading freight, or anything to indicate such a separation, except the termination of the railing, and the relative locations of the freight-room and the waiting room. The side tracks nearest the platform were at such a distance that freight cars passing on them were near the edge of the platform for convenience in unloading freight, the distance between the edge of the platform and the nearest rail being four feet. East of the side-track was the main track, its west rail being about eleven feet from the east rail of the sidetrack. The door leading into the ticket office in the station was on the south side. The tracks were on the east of the platform. Passengers could not board trains from the platform but in going from the ticket office had to pass down the flight of steps named and go to the cars. In the room in the station where tickets were obtained there was a table at which the station-agent did a part of his work, and there were a few seats there for passengers, or others having business with the defendant company. After the plaintiff had been told by the station-agent what has been stated, he went out on the platform to a point north of the railing, sat down on the edge of the platform with his legs hanging down outside of it toward the tracks to watch for the cars he hoped might come in for him. While he was in that position the freight train, or a portion of it, which had been cut off from the rest, was backed in on the side-track next to the platform. Several cars had passed the plaintiff and for a moment before and at the time of the accident, he was looking at some of the cars which had passed, and in the opposite direction from the coming cars, one of which was a refrigerator car whose door was partly open and swinging out and in from the motion of the car. It cleared the platform as it passed, but when it reached the plaintiff there was not space for it to pass his legs, and one of them was caught and crushed between it and the platform. There was no evidence that any employee of the defendant knew that the door of the refrigerator car was not fastened, or knew the position of the plaintiff,

except that some of them were where they could and natu-
rally might have seen the swinging door and the plaintiff
seated on the edge of the platform; but all such employees
testified that they did not in fact see or know of the
swinging door or the position of the plaintiff. The trial
court held that the plaintiff was, at most, merely a licensee
at the place where he was on the defendant's premises;
that the defendant owed him no duty other than not to
injure him knowingly or wantonly; that there was no evi-
dence of such injury, and directed a verdict for the defend-
ant.

### OPINION OF THE COURT.

ABBOTT, J.—(After stating the facts)—The
plaintiff originally went on the premises of the defendant
for the purpose of transacting with it business of the kind
which it undertook to do with the public and was, there-
fore, there by its implied invitation, and according to the
evidence was remaining by its direct invitation, or sug-
gestion of the station-agent, when he received the injury
for which he seeks to hold the defendant liable. The de-
fendant claimed, and the trial court held, that he went
outside of the protection of his invitation in placing him-
self as he did, when he received the injury.

Obviously, there must be some limit to what would
be included in an invitation which is not expressed but
only implied from the fact that the business of a common
carrier of passengers and freight is transacted on the
premises. At most of the railway stations in this country
there is nothing to prevent the public from going upon
the tracks of the railroad from the offices, waiting rooms
and platforms. It is assumed to be, and is, we think, mat-
ter of common knowledge that it is highly dangerous to
go upon or close to tracks where engines and cars too
heavy to be stopped at a moment's notice, are passing
with more or less regularity and frequency. This general
knowledge of the danger is relied on to a great extent
at the smaller and less frequented railway stations to pre-
vent people who are there on business from going upon
the tracks except as it may be necessary in taking trains,

or doing such other business, as they may have at the stations. At such times as they are necessarily upon the tracks for their business, the railroad company which has impliedly invited them there for the purpose, is held to the degree of responsibility for their safety which the circumstances impose. But, in this case it was in no wise necessary or even more convenient for the transaction of the plaintiff's business with the defendant company, that he should go near the tracks. He could have seen empty cars as well,—one would suppose better,—from a safe place on the platform, than with a part of his person projecting into the space marked by the edge of the platform and the rails as that reserved and presumably deemed necessary for the passage of the trains, even if the implied invitation of the defendant, or the express invitation of its representative, the station-agent gave the plaintiff the right to go wherever he pleased on the platform. It cannot be that he was thereby authorized to go beyond it, when there was no occasion for him to go for any purpose connected with his business there. Oatts v. Cincinnati, N. O. & T. P. Ry. Co., (Ky.) 22 S. W. Rep. 330; Gulf, Colo. & S. F. Ry. v. Bolton, 6 Am. Negligence Rep. 493; Diebold v. Pennsylvania R. R. Co., 50 N. J. L., 478; 14 Atl. Rep. 576; 29 Cyc. L. & P., p. 452, and cases cited.

The only duty of the defendant toward the plaintiff, under the circumstances, was not to injure him wantonly or unnecessarily after his presence where he was, was known to its employees. Thompson on Negligence, Secs. 1705, 1723; Railway Co. v. Bennett, 69 Fed. Rep. 525.

There was no evidence that the culminating act of negligence on the part of the appellant that he was looking from instead of toward the approaching cars when he was injured, was known to any employee of the appellee, and only slight evidence compared with that to the contrary, that any employee noticed him as he was seated. If, however, it should be held, as we think it cannot, that the invitation of the appellee went so far as to warrant the appellant in seating himself on the edge of the platform with his legs projecting beyond it toward the tracks,

we think the evidence shows, beyond question, that he was guilty of contributory negligence at the time of the injury. He saw cars approaching on the tracks nearest him, and while there was room for them to pass him, with little to spare, if he remained as he was and the cars kept to the rails and nothing projected from them, it was little short of recklessness to incur the risk needlessly that he might be accidentally thrown forward from behind by some passing truck or other object, or that the cars might leave the rails, or that some article might be projecting from a car, as so frequently happens, from the jolting of its load. He had no right thus to adventure his person beyond the edge of the platform into the space thus plainly marked off and reserved for the passage of cars. And, as if to emphasize his challenge to disaster, he allowed his gaze to be directed to the direction in which the cars were going instead of keeping it fixed on them as they approached. Even that precaution would, probably, have availed to save him from the deplorable injury which occured to him. That precaution, so clearly necessary to one in his position, he failed to take, and we find no warrant in law for requiring the defendant to bear any of the consequences of his negligence. Thompson on Negligence, Secs. 1606, 1638; 29 Cyc. p. 507 et·seq.; Railway Co. v. Houston, 95 U. S. 697; Pennsylvania Ry. Co. v. Bell, 122 Pa. St. 58.

Although the trial court did not expressly base its direction to the jury to return a verdict for the defendant on the contributory negligence of the plaintiff, we think it might properly have done so on that additional ground. Mitchell v. Ry. Co., 146 U. S. 513; Tucker v. Baltimore & Ohio Ry. Co., 59 Fed. 968; Railway Co. v. Houston, 95 U. S. 702; Bancroft v. Railroad Co., 97 Mass. 278.

The judgment of the District Court is affirmed.